# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| Charles Crowe, | Civil Action No.: 2:16-cv-00044-WCO-JCF |
| Plaintiff, | |
| v. | |
| Central Credit Services, Inc.; and DOES 1-10, inclusive, | **COMPLAINT** |
| | **JURY TRIAL DEMANDED** |
| Defendants. | |

For this Complaint, Plaintiff, Charles Crowe, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA").

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

3. Plaintiff, Charles Crowe ("Plaintiff"), is an adult individual residing in Commerce, Georgia, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

4. Defendant Central Credit Services, Inc. ("CCS"), is a business entity located in Jacksonville, Florida, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

5. Does 1-10 (the "Collectors") are individual collectors employed by CCS and whose identities are currently unknown to Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

6. CCS at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

7. Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

8. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes, which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

9. The Debt was purchased, assigned or transferred to CCS for collection, or CCS was employed by the Creditor to collect the Debt.

10. Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. CCS Engages in Harassment and Abusive Tactics

11. On or about November 11, 2015, CCS called Plaintiff's business line in an attempt to collect the Debt.

12. Plaintiff informed CCS that it was calling his business line and that he could not take calls during business hours.

13. Nevertheless, CCS continued to call Plaintiff during business hours in an attempt to collect the Debt.

### C. Plaintiff Suffered Actual Damages

14. Plaintiff has suffered and continues to suffer actual damages as a result of Defendants' unlawful conduct.

15. As a direct consequence of Defendants' acts, practices and conduct, Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

### COUNT I
### VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, *et seq.*

16. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

17. Defendants' conduct violated 15 U.S.C. § 1692c(a)(1) in that Defendants contacted Plaintiff at a place and during a time known to be inconvenient for Plaintiff.

18.     Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with collection of the Debt.

19.     Defendants' conduct violated 15 U.S.C. § 1692d(5) in that Defendants caused a phone to ring repeatedly and engaged Plaintiff in telephone conversations with the intent to annoy and harass Plaintiff.

20.     Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect the Debt.

21.     The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA.

22.     Plaintiff is entitled to damages as a result of Defendants' violations.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);
2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);
3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); and
4. Such other and further relief as may be just and proper.

4

## **TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: March 8, 2016

                                Respectfully submitted,

                                By: /s/ Sergei Lemberg, Esq.
                                Attorney Bar No.: 598666
                                Attorney for Plaintiff Charles Crowe
                                LEMBERG LAW L.L.C.
                                43 Danbury Road
                                Wilton, CT 06897
                                Telephone: (203) 653-2250 ext. 5500
                                Facsimile:   (203) 653-3424
                                Email: slemberg@lemberglaw.com